## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>TRANSPORTATION,<br>1200 New Jersey Avenue SE<br>Washington, DC 20590<br><br>*Defendant*. | Case No.  18-cv-1272 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of Transportation under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant the U.S. Department of Transportation has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and

is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.     Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.     Defendant the U.S. Department of Transportation (DOT) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.     On January 10, 2018, American Oversight submitted a FOIA request to DOT, with internal tracking number DOT-18-0010, regarding records reflecting communications with Senator Mitch McConnell and Senator McConnell's staff.

8.     American Oversight's FOIA request to DOT specifically sought the following records:

1) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) between

(a) anyone in the Immediate Office of the Secretary (S-1), including Secretary Chao, and (b) Senator Mitch McConnell or anyone who works for Mr. McConnell, including anyone whose email ends in @mcconnell.senate.gov.

2) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) between (a) anyone in the Office of the Under Secretary of Transportation for Policy (S-3) and (b) Senator Mitch McConnell or anyone who works for Mr. McConnell, including anyone whose email ends in @mcconnell.senate.gov.

3) All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials) between (a) anyone in the Office of Governmental Affairs (OST-I) and (b) Senator Mitch McConnell or anyone who works for Mr. McConnell, including anyone whose email ends in @mcconnell.senate.gov.

The request sought responsive records from January 20, 2017, to the date the search was conducted.

9.      DOT acknowledged receiving American Oversight's FOIA request and assigned the request FOIA tracking number 2018-111.

10.     American Oversight has not received any further communication from DOT regarding this FOIA request.

*Exhaustion of Administrative Remedies*

11.     As of the date of this Complaint, DOT has failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA request, including the scope of any responsive records DOT intends to produce or withhold and the reasons for any

withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

12.     Through Defendant's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

13.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

14.     American Oversight properly requested records within the possession, custody, and control of Defendant.

15.     DOT is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

16.     DOT has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

17.     DOT's failure to conduct adequate searches for responsive records violates FOIA.

18.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring DOT to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

19.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

20.      American Oversight properly requested records within the possession, custody, and control of Defendant.

21.      DOT is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

22.      DOT is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to its FOIA request.

23.      DOT is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

24.      DOT's failure to provide all non-exempt responsive records violates FOIA.

25.      Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring DOT to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendant to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated: May 31, 2018

Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*